UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEANNE STEINMETZ | : Civil Action No. |
| Plaintiff, | : |
| V. | : |
| DANBURY VISITING NURSE ASSOCIATION n/k/a DANBURY HOSPITAL n/k/a WESTERN CONNECTICUT HEALTH NETWORK n/k/a NUVANCE HEALTH | : NOVEMBER 15, 2019 |
| Defendant. | : |

## COMPLAINT

### NATURE OF THE ACTION

1. This is an action for damages brought pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. Sec. 1201 *et. seq.* as amended ("ADA"), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq.* (ADEA), Conn. Gen. Stat. §46a-60, and the Rehabilitation Act of 1973 29 U.S.C. §701.

2. Plaintiff Jeanne Steinmetz was subjected to adverse terms and conditions of employment, including termination because of her age and/or disability and her opposition to discriminatory conduct, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), 42 U.S.C. Sec. 1201 *et. seq.* as amended ("ADA"), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq.* (ADEA), Conn. Gen. Stat. §46a-60, and the Rehabilitation Act of 1973 29 U.S.C. §701.

3. Defendant Danbury Visiting Nurse Association n/k/a Danbury Hospital n/k/a Western Connecticut Health Network n/k/a Nuvance Health engaged in discriminatory conduct, which included discrimination in terms and conditions of the Plaintiff's employment and the Plaintiff's termination was motivated at least in part due to bias as a result of the Plaintiff's age, disability and/or because of her opposition to discriminatory conduct. Defendant terminated Plaintiff's employment after the Plaintiff complained both internally and to the CHRO about Defendant's discriminatory treatment.

4. Plaintiff brings this action to seek redress for the injuries she suffered as a result of Defendant's violation of federal anti-discrimination laws.

## JURISDICTION AND VENUE

5. This Court has original subject matter over the Title VII claims because these claims arise under the laws of the United States, 28 U.S.C. §§ 1331. It also has jurisdiction over Title VII claims under 28 U.S.C. § 1343 because these claims seek to recover damages for the deprivation of equal rights. This Court also has jurisdiction over the pendent state claims.

6. Venue in this district is appropriate under 28 U.SC. §1391(b) and (c) as well as 42 U.S.C. §§ 2000e-5(f)(3), because Defendant conducts business and can be found in this district, and most importantly, the causes of action arose and the acts and omissions complained of occurred herein.

## ADMINISTRATIVE PREREQUISITES

7. The Plaintiff has satisfied all administrative prerequisites to commencing this action.

8. On or about April 26, 2018, the Plaintiff filed a charge of discrimination with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), alleging discrimination by Defendant due to her age and disability in violation of state and federal law.

9. On or about August 20, 2019, the CHRO issued a Release of Jurisdiction to the Plaintiff. The Plaintiff received the notice on that same day. *See* attached.

## PARTIES

10. Plaintiff Jeanne Steinmetz is a resident of Bethel, Connecticut.

11. Defendant is Defendant Danbury Visiting Nurse Association n/k/a Danbury Hospital n/k/a Western Connecticut Health Network n/k/a Nuvance Health, 24 Hospital Avenue, Danbury, CT 06811.

## FACTUAL ALLEGATIONS

12. Plaintiff was first hired by the Defendant in or around 1993.

13. Plaintiff began her career with Defendant in 1993 as a Pediatric Nurse Practitioner at The Newtown Well Baby Clinic.

14. In or about 1999, Plaintiff started to work at the Defendant's Wellness on Wheels ("WOW") Program and managed the WOW program from 2001 through 2013.

15. From 2013 through 2015, Mrs. Steinmetz served as the Clinical Supervisor/Consultant for the Influenza Clinic Program (hereinafter "Flu Program").

16. In 2015, Mrs. Steinmetz was given the position of Maternal Child Health/Home Health Aid Supervisor and Infection Control Nurse reporting to Mr. Brian O'Loughlin and Ms. Alyson Blank.

17. By August 2017, Mrs. Steinmetz was managing the Maternal Child Health and Home Health Aid Programs as well as the bulk of the clinical aspect of the Flu Clinic Program.

In addition, at some point in 2017, Mrs. Steinmetz was given the added responsibility of CPR instructor.

18.     In 2009, Plaintiff was the unfortunate victim in a car accident in which she was rear-ended by a three ton truck.

19.     Plaintiff underwent physical therapy, neck injections and pain management treatment for the next four-and-one-half-years and she has continued with neck injections and pain management treatment ever since.

20.     As a result of the 2009 accident, Plaintiff had a shoulder replacement of her right shoulder in 2012, and in 2013 she underwent a left shoulder replacement.

21.     Upon information and belief, Plaintiff was the only employee over the age of 55 in her area and the only person with a disability.

22.     At all times relevant to this Complaint, Plaintiff was qualified to perform her job and performed her job well.

23.     Despite these injuries, Plaintiff continued to work after the accident.

24.     Mrs. Steinmetz reported a good working relationship with all of her superiors and staff and was never treated in an inappropriate manner throughout the twenty-two-year span of 1993 - 2015.

25.     In 2015, Mrs. Steinmetz was given the position of Maternal Child Health/Home Health Aid Supervisor and Infection Control Nurse reporting to Mr. Brian O'Loughlin and Ms. Alyson Blank.

26.     It was during the time period of 2015 through 2017 that Plaintiff began to be treated inappropriately.

27. Mr. O'Loughlin would often make jokes and negative comments about the Plaintiff's disability by joking about her rolling briefcase in front of staff.

28. Although Plaintiff was always uncomfortable with Mr. O'Loughlin, who had a long history of bullying employees, her discomfort became harassing in July 2017. It was then when Mr. O'Loughlin escalated his actions based on his knowledge of Plaintiff's injury and treatment with Pain Management Specialist, Dr. David Levi, MD and his "jokes" became accusations of being "sleepy" at work.

29. Interestingly, Mr. O'Loughlin's inappropriate accusation set forth in Paragraph 28 came the same day as the Plaintiff received a verbal warning on July 7, 2017.

30. Plaintiff was so concerned about Mr. O'Loughlin's accusations that she went to Human Resources and explained that she had a prescription for a low dose of a muscle relaxer that she took at night to help calm the neck spasms that resulted from her working.

31. Mr. O'Loughlin and Ms. Blank were aware that Plaintiff was a candidate for a three level discectomy and fusion of her neck as well as her diagnosis of severe patella-femoral arthritis requiring bilateral partial knee replacements in the near future.

32. Plaintiff had notified her supervisors, Mr. O'Loughlin and Ms. Blank, that it was not feasible for one person to run both the Maternal Child Health (MCH) and the Home Health Aid (HHA) programs.

33. However, instead of dividing the duties of the MCH and HHA programs in a more equitable, suitable manner amongst the employees, Plaintiff was instead given an additional program to manage, the Flu Clinic Program.

34. Plaintiff continued to vocalize her inability (and any one person's inability) to manage the workload that was being requested of her, yet she strived to do so, staying in constant communication with her superiors and appropriately seeking assistance.

35. Instead of evaluating the work-load of the Plaintiff and offering her the requisite assistance, Mr. O'Loughlin chastised her for not visiting daycares or patients on a regular basis.

36. Interestingly, as swamped and over-worked as the Plaintiff was, she did offer to see daycares on several occasions.

37. In August of 2017, Plaintiff told Brian O'Loughlin that she did not know how she could possibly do everything that was requested of her and itemized what she was doing. Brian O'Loughlin literally laughed and said, "Well I guess you're going to be very busy then, aren't you?" Mrs. Steinmetz also sent an email to Ms. Blank which itemized her duties in great detail and sought assistance for the programs she was responsible for, yet no help was granted to her.

38. On September 19, 2017, Plaintiff received a "final" warning from the Defendant.

39. Plaintiff has always enjoyed superior reviews from her supervisors during her tenure with the Defendant.

40. Plaintiff's employment file reveals that in her twenty-three-years of employ, she never received anything less than a 3.0 rating until Mr. O'Loughlin's review of October 2017.

41. The manufactured ratings on the Plaintiff's last performance evaluation dated October 15, 2017 are a pretext for age, disability and retaliatory discrimination.

42. The false ratings are intended to discriminate against the Plaintiff based on her age, gender and protected activities.

43. The Plaintiff's ratings are intentionally unrelated to her actual performance and are demonstrably biased.

44. These ratings are based on arbitrary and inconsistent standards as compared with the Plaintiff's past ratings and evaluations. In fact, the ratings also are inconsistent with the observations of all the Home Health Aides, several MCH nurses, the former manager of the Flu Program, and past references and reviews.

45. These ratings also were inconsistent with the actual goals and objectives set out for the Plaintiff across the three programs she managed.

46. After July 2017, the process of documenting Plaintiff's personnel file for her termination began in earnest, notably with the assistance of the Plaintiff's younger and less expensive replacement, Ms. Lisa Dugan.

47. Plaintiff was surprised by the October 2017 evaluation, and the July and September 2017 write ups and believed that she was being singled out and treated differently than her younger, non-disabled and non-vocal co-workers.

48. Plaintiff made several informal protests of discriminatory employment practices, including complaints to management which are protected activities known to Defendant.

49. Defendant did not take any steps to address Plaintiff's concerns.

50. On November 10, 2017, just weeks after the Plaintiff's informal protests, she was fired.

51. Upon information and belief the Maternal Child Health (MCH) and the Home Health Aid (HHA) programs were split into two separate positions after Plaintiff's departure.

52. As a result of the Defendant's conduct, the Plaintiff has suffered lost wages, lost benefits and other perquisites of employment, emotional distress, attorneys' fees and costs.

## CLAIMS FOR RELIEF

**COUNT ONE:   DISABILITY DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (TITLE VII), 42 U.S.C. § 1201 *et. seq.***

53.   Plaintiff hereby repeats, re-alleges and reincorporates by reference paragraphs 1-52 above.

54.   As described more fully above, Defendant's decision to treat Plaintiff differently in the terms and conditions of her employment and to terminate Plaintiff were motivated in part because of Plaintiff's disability, in violation of the Americans with Disabilities Act, 42 U.S.C. Sec. 1201 *et. seq.*

55.   As described more fully above, Defendant's proffered reasons for treating the Plaintiff differently and terminating her employment are mere pretext for Defendant's unlawful animus.

56.   By the acts and practices described above, Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of Plaintiff's disability in violation of the Americans with Disabilities Act, 42 U.S.C. Sec. 1201 *et. seq.*

57.   Defendant knew that its actions constituted unlawful discrimination and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights. '

58.   Defendant's actions described above directly and proximately caused, and continue to cause, Plaintiff to suffer a loss of employment, lost compensation, benefits, and other attendant rights, privileges and conditions of employment, loss of future professional opportunities and future income, emotional distress, anguish, pain and suffering.

**COUNT TWO:**   **AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. §621,** *et seq.* **(ADEA)**

59. Plaintiff hereby repeats, re-alleges and reincorporates by reference paragraphs 1-58 above.

60. Plaintiff was age 56 on the date of her termination from employ.

61. At all relevant times, Plaintiff was performing her job satisfactorily.

62. As set forth above, Defendant discharged Plaintiff from her position and replaced Plaintiff with a substantially younger employee with equal or inferior qualifications.

**COUNT THREE:**   **RETALIATION IN VIOLATION OF TITLE VII, 42 U.S.C. § 1201** *et. seq.*

63. Plaintiff hereby repeats, re-alleges and reincorporates by reference paragraphs 1-62 above.

64. Plaintiff complained internally to Defendant that she believed Defendant's treatment of her was discriminatory and motivated in part by her opposition to discriminatory conduct and her complaints of discrimination.

65. Plaintiff had a good faith belief that the conduct engaged in by Defendant was discriminatory based upon her disability.

66. By treating Plaintiff differently in the terms and conditions of her employment and ultimately terminating her employment, Defendant retaliated against Plaintiff for opposing this discriminatory conduct.

67. As described more fully above, Defendant's proffered reasons for treating the Plaintiff differently and terminating her employment are mere pretext for Defendant's unlawful retaliatory conduct.

68. By the acts and practices described above, Defendant has retaliated against Plaintiff in the terms and conditions of her employment, including terminating her, because of Plaintiff's complaints about disability discrimination, in violation of the Americans with Disabilities Act, 42 U.S.C. § 1201 *et. seq.* as amended.

69. Defendant knew that its actions constituted unlawful retaliation and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights.

70. Defendant's actions described above directly and proximately caused, and continue to cause, Plaintiff to suffer loss of income and other financial benefits, a loss of future professional opportunities, future income, emotional distress, anguish, pain and suffering.

**COUNT FOUR:    DISCRIMINATION IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, CONN. GEN. STAT. §46a-60**

71. Plaintiff hereby repeats, re-alleges and reincorporates by reference paragraphs 1-70 above.

72. As described more fully above, Defendant's decision to treat Plaintiff differently in the terms and conditions of employment and to terminate Plaintiff was motivated in part because of Plaintiff's age and/or physical disability, in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §46a-60 *et seq.*

73. As described more fully above, Defendant's proffered reasons for treating Plaintiff differently and terminating her employment are mere pretext for Defendant's unlawful animus.

74. By the acts and practices described above, Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of Plaintiff's age and/or

disability in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §46a-60 *et seq.*

75. Defendant knew that its actions constituted unlawful discrimination and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights.

76. Defendant's actions described above directly and proximately caused, and continue to cause Plaintiff to suffer a loss of employment, lost compensation, benefits, and other attendant rights, privileges and conditions of employment, loss of future professional opportunities, future income, emotional distress, anguish, pain and suffering

**COUNT FIVE:** **RETALIATION IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, CONN. GEN. STAT. §46a-60**

77. Plaintiff hereby repeats, re-alleges and reincorporates by reference paragraphs 1-76 above.

78. Plaintiff complained internally to Defendant that she believed Defendant's treatment of her was discriminatory and motivated in part by her opposition to discriminatory conduct and her complaints of discrimination.

79. Plaintiff had a good faith belief that the conduct engaged in by Defendant was discriminatory based upon her age and/or disability.

80. By treating Plaintiff differently in the terms and conditions of her employment and ultimately terminating her employment, Defendant retaliated against Plaintiff for opposing this discriminatory conduct.

81. As described more fully above, Defendant's proffered reasons for treating Plaintiff differently and terminating her employment are mere pretext for Defendant's unlawful retaliatory conduct.

82. By the acts and practices described above, Defendant has retaliated against Plaintiff in the terms and conditions of her employment, including terminating her, because of Plaintiff's complaints about disability discrimination, in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §46a-60 *et seq.*

83. Defendant knew that its actions constituted unlawful retaliation and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights.

84. Defendant's actions described above directly and proximately caused and continue to cause, Plaintiff to suffer loss of income and other financial benefits, a loss of future professional opportunities, future income, emotional distress, anguish, pain and suffering.

## JURY CLAIM

Plaintiff claims trial by jury.

**WHEREFORE**, Plaintiff Jeanne Steinmetz respectfully requests damages in excess of $15,000 and that this Court enter judgment:

1. Directing Defendant to pay Plaintiff back pay and all attendant benefits and lost compensation;

2. Directing Defendant to reinstate Plaintiff, or in the alternative, pay Plaintiff front pay and all the attendant benefits;

3. Directing Defendant to pay Plaintiff pre-judgment interest;

4. Directing Defendant to pay Plaintiff compensatory damages;

5. Directing Defendant to pay Plaintiff punitive damages;

6. Awarding reasonable attorneys' fees, costs and expenses; and

7. Awarding such other and further relief as the Court deems just and proper.

THE PLAINTIFF

By: _____/s/_____
Candace V. Fay (ct27826)
Attorney & Counselor at Law, PC
118 Coalpit Hill Road
Danbury, CT 06810
Phone: (203) 796-0235
Fax: (203) 798-8848

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Jeanne Steinmetz
**COMPLAINANT**

vs.

CHRO No. 1820489
EEOC No. 16A-2018-01381

Western Connecticut Health Network
**RESPONDENT**

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** August 20, 2019

_Tanya A. Hughes_
Tanya A. Hughes, Executive Director

Service:
Complainant: Jeanne Steinmetz, 10 Cross Hill Road, Bethel, CT 06801
Complainant's Attorney: Candance V. Fay, Esq., via email: candance@attorneyfay.com
Respondent's Attorney: Sarah R. Skubas, Esq., via email: sarah.skubas@jacksonlewis.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jeanne Steinmetz

**(b)** County of Residence of First Listed Plaintiff    Fairfield
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Candace V. Fay, Esq. - 118 Coalpit Hill Road, Danbury, CT 06810
(203) 796-0235
Dennis P. McDonough - PO Box 323, Bethel, CT 06801 (203)730-8916

## DEFENDANTS
Danbury Visiting Nurse Association n/k/a Danbury Hospital n/k/a Western Connecticut Health Network n/k/a Nuvance Health

County of Residence of First Listed Defendant    Fairfield
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 2000e
Brief description of cause:
Employment Discrimination; Age Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 11/15/2019
SIGNATURE OF ATTORNEY OF RECORD: Candace V. Fay

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____