UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEANNE STEINMETZ, | : | |
| Plaintiff, | : | CIVIL CASE NO. |
| | : | 3:19-CV-01819 (JCH) |
| v. | : | |
| | : | |
| DANBURY VISITING NURSE | : | |
| ASSOCIATION n/k/a DANBURY | : | SEPTEMBER 15, 2021 |
| HOSPITAL n/k/a WESTERN | : | |
| CONNECTICUT HEALTH NETWORK | : | |
| n/k/a NUVANCE HEALTH, | : | |
| Defendant. | : | |

**RULING ON WCHC'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 31) AND ORDER TO SHOW CAUSE**

## I.   INTRODUCTION

Plaintiff Jeanne Steinmetz ("Steinmetz") brought this action on November 15,

2019, alleging five counts of employment discrimination.  See Compl. (Doc. No. 1).  In

her Complaint, she named "Danbury Visiting Nurse Association n/k/a Danbury Hospital

n/k/a Western Connecticut Health Network n/k/a Nuvance Health" ("Danbury") as the

sole defendant.  Id. at ¶ 11.  At this stage of the proceedings, with discovery completed

and a Motion for Summary Judgment filed and joined, no such defendant purporting to

have any of those names has appeared in court.

Instead, this case has thus far progressed with a seemingly different party,

Western Connecticut Home Care ("WCHC"), appearing in court, filing motions,

conducting discovery, and otherwise defending itself against Steinmetz's claims.

WCHC contends that Steinmetz "was not employed by [the named defendant]. She was

employed by [WCHC]," and thus WCHC is the proper defendant in this case.  See, e.g.,

Appearance of Attorney Kaelah M. Smith at 1 n. 1 (Doc. No. 9).  Steinmetz, however,

opposes WCHC's Motion for Summary Judgment by arguing, in part, that it "ought to be summarily denied as [WCHC] is not a party to the lawsuit and has no standing to move for summary judgment."  Pl.'s Mem. of Law in Supp. of Her Objection to WCHC's Mot. for Summ. J. at 1 ("Pl.'s Mem.") (Doc. No. 36-1).

As discussed further below, the court holds that, because WCHC was never named as a party to Steinmetz's action or served, it lacks standing to obtain a ruling on its Motion.  The Motion for Summary Judgment is therefore dismissed as moot.  Further, since Steinmetz has failed to serve process on Danbury, she is ordered to show cause within 21 days as to why her Complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).

## II.   BACKGROUND

This case presents basic questions of law about standing, jurisdiction, and how an entity becomes a party to a lawsuit – questions that, despite their rudimentary nature, have rarely been addressed by courts in this Circuit.

Steinmetz filed her Complaint against a single defendant – Danbury.[1]  About two months later, a different party, WCHC, appeared in this court to defend itself against her claims.  See Appearance (Doc. No. 9).  WCHC stated that because it, not Danbury, was Steinmetz's employer during the relevant period, it was the proper defendant in this case.  See id. at 1 n. 1; Appearance of Attorney Sarah R. Skubas at 1 n. 1 (Doc. No. 11).  WCHC proceeded to file a timely Answer to the Complaint in February 2020, again noting that it, not Danbury, was plaintiff's employer and the proper defendant.  Def.'s

---

[1] To be sure, in bringing her claims against a single entity, Steinmetz listed four separate names she believes that single entity is known as in the caption of her Complaint.  None of these names are WCHC.

Answer and Special Defenses at 1 n. 1 (Doc. No. 13).  Moreover, Steinmetz filed a waiver of service as to WCHC with this court.  Waiver of the Service of Summons (Doc. No. 18).  She has not served Danbury or any other party besides WCHC, nor does the record reflect that she has made any attempt to do so.[2]

Steinmetz and WCHC proceeded to engage in extensive discovery related to the merits of Steinmetz's claims.  Throughout this process, WCHC has continued to be clear that it believes it is the proper defendant.  At times, Steinmetz appears to have implicitly conceded the point.  For example, the parties jointly submitted a Rule 26(f) Report, which included a footnote clarifying that WCHC was Steinmetz's employer. Rule 26(f) Report of Parties Planning Meeting at 1 n. 1 (Doc. No. 15).  She also refers to WCHC as the "defendant" in her Local Rule 56(a)2 Statement.  Pl.'s Local R. 56(a)2 Stmt at 1 ("Pl.'s R. 56(a)2 Stmt").  In addition, Steinmetz has consented to Joint Status Reports being filed with this court where she, after meeting only with attorneys for WCHC, has continued to represent that "the parties in the above-referenced matter" were submitting the report.  See Parties' Joint Status Report to the Court at 1 (Doc. No. 21); Parties' Joint Status Report to the Court at 1 (Doc. No. 24); Parties' Joint Status Report to the Court at 1 (Doc. No. 30) (emphasis added).[3]  Throughout discovery,

---

[2] In addition, Steinmetz has not moved to amend her Complaint to add WCHC as a defendant, nor has WCHC intervened in the case or been joined as a party.

[3] The evidence brought forth by the parties at the Summary Judgment stage is ambiguous as to who Steinmetz was employed by during the relevant period.  Steinmetz has provided a copy of an Earnings Statement from 2017 that appears to list her employer as "Western Connecticut Health Network."  Pl.'s Ex. A (Doc. No. 36-2).  Her 2017 W-2 form lists "Danbury Visiting Nurse Assoc Inc" as her employer.  Id.  WCHC says in its Memorandum only that "[i]t is undisputed that WCHC employed [p]laintiff as admitted in her deposition."  Def.'s Reply in Further Supp. of Its Mot. for Summ. J. at 1 n. 1 ("Def.'s Reply") (Doc. No. 43).  In support of this claim, WCHC points to page 29 of Steinmetz's deposition. WCHC did not, however, include that page in the exhibits it provided to the court.

Steinmetz has never, to this court's knowledge, declined to engage with WCHC on the basis that it is not a party to this lawsuit or otherwise raised such an objection.  Yet now, after discovery has been completed and WCHC has filed a Motion for Summary Judgment, Steinmetz argues that the court cannot grant the Motion because WCHC "is not a party to the lawsuit and [thus] has no standing to move for summary judgment."  Pl.'s Mem. at 1.

In short, the court here is confronted with a situation that, as far as it can tell, has little if any precedent: plaintiff has sued a defendant; served a third-party who is not the named defendant; that third-party has appeared in court, claimed to be the proper defendant, and defended itself against plaintiff's claims; and plaintiff, following a Motion for Summary Judgment by the third-party and after an extensive discovery process, has attempted to defeat the Motion by arguing that the defendant – who has prosecuted this case for well over a year – lacks standing because it was never a party to the lawsuit.

---

The parties' Local Rule 56 Statements are similarly unavailing.  WCHC states that in 2001 Steinmetz was employed by the Danbury Visiting Nurses Association, but that it "later became part of WCHC."  Def.s Local R. 56(a)1 Stmt at ¶ 4.  The evidence in the record it cites to, however, does not support that claim.  Id.  Steinmetz, confusingly, cites to her Affidavit to deny paragraph 4, stating that "Danbury Visiting Nurse Association . . . was renamed [WCHC] in 2000 when Danbury Hospital changed to Western [Connecticut] Health Network."  The parties go on to agree that "[o]n October 30, 2014, [Steinmetz] assumed the role of per diem Flu Prevention PRN Clinical Coordinator at WCHC."  Def.'s R. 56(a)1 Stmt at ¶ 6; Pl.'s R. 56(a)2 Stmt at ¶ 6 (emphasis added).  But when WCHC states that in 2015, "while maintaining her occasional flu prevention duties on an as needed basis, WCHC hired Plaintiff into the part-time position of Clinical Care Coordinator for Primary Care at WCHC," Steinmetz denies that this was the case, saying that she "was hired into the part-time position . . . at Western Connecticut Medical Group ('WCMG') which is a division of Western Connecticut Health Network ('WCHN') . . . This position was not part of 'WCHC'; but under the umbrella of '"WCHN.'"  Def.'s R. 56(a)1 Stmt at ¶ 7; Pl.'s R. 56(a)2 Stmt at ¶ 7

Steinmetz's objections to the identify of her employer slip away, however, when it comes to the position most at issue in this case.  WCHC says that Steinmetz "applied for a full-time MCH/Home Health Aid ('HHA') Supervisor position at WCHC" and that she was hired for the position after an interview with the WCHC Executive Director.  Def.'s R. 56(a)1 Stmt at ¶¶ 11-12 (emphasis added).  Steinmetz admits to these facts, including that the identity of her employer was WCHC.  Pl.'s R. 56(a)2 Stmt at ¶¶ 11-12.

### III.     DISCUSSION

This court's authority to rule on WCHC's Motion for Summary Judgment turns on whether WCHC is a party to this action.  WCHC contends that it is, simply by virtue of its claimed status as Steinmetz's employer during the period relevant to her claims. See Mem. in Supp. of Def.'s Mot. for Summ. J. at 1 n. 1 ("Def.'s Mem.") (Doc. No. 32). Steinmetz, for her part, insists that WCHC is not and has never been a party, and that she has brought her lawsuit against Danbury, not WCHC.  Pl.'s Mem. at 1-2.  Although plaintiff raises the issue, she spends less than a full page analyzing it, and does not cite any case law in support of her argument.  Id.  WCHC's counterargument is even more limited, confined to a single footnote in its Reply.  Def.'s Reply at 1 n. 1.  Instead, their memoranda are primarily focused on the merits of the case.  Yet the resolution of this threshold question is fundamental to the court's ability to proceed to the merits of this case: if WCHC is not a party, then this court lacks jurisdiction over it and thus the authority to rule on its Motion for Summary Judgment.

###### A.     Danbury

As a preliminary matter, the court notes that Danbury, the defendant that Steinmetz named in her Complaint and maintains was her employer, has not been properly served in this case.  Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant within 90 days of filing her Complaint.  Fed. R. Civ. P. 4(m).  "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id.  "[I]f the plaintiff shows good cause for the failure," however, "the court must extend the time for service for an appropriate period."  Id.

5

When a plaintiff fails to serve a defendant or such service is held to be deficient in some way, a district court dismisses the case against that particular defendant under Federal Rule of Civil Procedure 12(b)(5).  See, e.g., Smithers v. Specht, 677 Fed. App'x 722, 723 (2d Cir. 2017).  Pursuant to Rule 4(m), the dismissal is without prejudice.  Id. Such a dismissal is appropriate because, absent "proper[ ] serv[ice] . . . a waiver of personal service executed, returned to the [plaintiff], or filed with the District Court . . . the District Court [lacks] personal jurisdiction over the [named defendant]."  Cheung Yin Sun v. Mashantucket Pequot Gaming Enterprise, 663 F. App'x 57, 58 (2d Cir. 2016). The Second Circuit has indicated, however, that before a district court dismisses a case for insufficient service of process, it should ensure each side has "an opportunity to submit evidence in support of its position or to brief whether . . . a lesser sanction was appropriate."  Terry v. Inc. Vill. Of Patchogue, 193 F. App'x 54, 55 (2d Cir. 2006).

Accordingly, as Steinmetz has not served Danbury, she is ordered to show cause within 21 days as to why her claims against "Danbury Visiting Nurse Association n/k/a Danbury Hospital n/k/a Western Connecticut Health Network n/k/a Nuvance Health" should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

B.    WCHC

The court next analyzes the interwoven questions of law regarding how an entity becomes a party to a case, and how that entity's status as a party or a non-party affects its standing and the court's jurisdiction.

1.    Status as a Party

The process through which an entity becomes a party to a lawsuit is typically straightforward.  A plaintiff files a Complaint.  She names the defendant, who is then a

party to the case.  When the summons is properly served on the named defendant-party, or service is waived, the court has personal jurisdiction over the defendant and the case proceeds.  See, e.g., United States v. Mellon, 719 F. App'x 74, 76 (2d Cir. 2018) ("service on [the defendant] was proper . . . thereby giving the district court personal jurisdiction").  But crucially, simply naming a defendant in the Complaint is itself generally sufficient to make that identified defendant a party to the case.  See, e.g., Datskow v. Teledyne, Inc. Continental Products Div., 899 F.2d 1298, 1302 (2d Cir. 1990) (citing Schiavone v. Fortune, aka Time, Inc., 477 U.S. 21 (1986) to note that amending a Complaint to identify a new defendant, in and of itself, "was properly viewed as bringing in a new party").[4]

Civil actions, of course, do not always proceed in such an uncomplicated manner.  And in the anomalous circumstances where a Complaint does not clearly identify the defendant parties, there is scant legal authority on how courts should determine if a particular entity has been made a party to the action.  In particular, "[t]he question [of] whether serving someone makes him a party, even when the complaint doesn't designate him as a party . . . is one of those fundamental legal questions on which there is a curious dearth of authority or discussion.  Jones v. Griffith, 870 F.2d 1363, 1365 (7th Cir. 1989).

The Seventh Circuit confronted this exact question in Jones.  The plaintiff in that case had brought a medical malpractice suit under the Indiana Medical Malpractice Act.

---

[4] In Datskow, the Second Circuit distinguished between complaints that name the wrong defendant, and those that mislabel the right defendant.  Datskow, 899 F.2d at 1301.  If a name of a party is simply mislabeled, it held, correcting that defect does not necessarily bring in a new party.  Id. at 1302.  Probing this distinction is not relevant here, however, as Steinmetz makes clear in her Memorandum that she believes WCHC is an entirely different entity than Danbury.  Pl.'s Mem. at 1-2.

Id. at 1364.  Although she named only the defendant doctor in her Complaint, the Act required her to serve the Indiana Insurance Commissioner and Chairman of the Indiana Medical Review Panel upon bringing her claim in federal court.  Although the plaintiff was a resident of Indiana and the doctor – the only defendant she named in her case – was a resident of California, the defendant argued that she had failed to establish complete diversity because the service upon the Commissioner and Chairman had made them parties, and they were both residents of Indiana.  Id. at 1365.

Although Judge Posner ultimately held that the Commissioner and Chairman were not parties to the case, he struggled with the question in light of the "dearth of [legal] authority" addressing such a "fundamental" issue of law.  Id.  First, he noted that the Federal Rules of Civil Procedure were of little help: "[They] assume rather than require that anyone served with a pleading is a party (e.g. Rule 4), for what could be the purpose of serving a nonparty?  There is no provision in the rules for serving a nonparty, but neither is there a provision that service automatically amends the complaint to add the recipient as a party."  Id.  Ultimately, the court settled on a standard it had crafted itself, grounded more in what it deemed to be a "sensible approach" than in precedent.  Id.  Such a "sensible approach, it [struck the court], [would be] to regard the pleading's caption, service of process, and perhaps other indications of intention to bring or not to bring a person into a lawsuit as evidence upon which the district court must decide, in cases of doubt, whether someone is a party."  Id. at 1365-66.  In Jones, the court decided, "it [was] fairly clear that [the plaintiff's] intention was not to name the panel chairman and the insurance commissioner as parties, but merely to comply with the Malpractice Act, which require[d] that they be served."  Id. at

8

1366.  As such, the Commissioner and Chairman were not parties, and "the requirement of complete diversity of citizenship . . . was satisfied."  Id. at 1365.

Although Judge Posner's test has never been formally adopted by the Second Circuit, district courts in this Circuit have often cited Jones in circumstances where they had to "decide, in cases of doubt, whether someone [was] a party."  Id. at 1366.  For instance, in Shider v. Communications Workers of America, Local 1105 (NYNEX), No. 95-CV-2908, 1997 WL 470112 (S.D.N.Y. Aug. 15, 1997), then-District Judge Sotomayor relied on Jones' instruction to "look to the caption, pleadings, service of process, and other indications of plaintiff's intent" to determine "whether an entity ha[d] properly been made a party to a lawsuit."  Shider, 1997 WL 470112, at *5.  Because the plaintiff had included NYNEX, the entity in question, in parentheses in her caption and the "substantial body of the original complaint addresse[d] and repeatedly allege[d] that NYNEX's termination of [the] plaintiff was discriminatory," then-Judge Sotomayor found that "a fair reading of the complaint demonstrate[d] that plaintiff intended to bring claims against NYNEX."  Id. at *6.

Similarly, the court in Nationwide Mut. Ins. Co. v. Kaufman, 896 F. Supp. 104 (E.D.N.Y. 1995) adopted the Jones test to assess a curious situation where copies of the summons and complaint had been delivered to the business premises of the Basser-Kaufman partnership but it was not clear if the plaintiff had intended to bring its claims against the partnership itself, or just the partners in their individual capacities and their separate corporate entity.  Kaufman, 896 F. Supp. at 106.  The court ultimately affirmed the Magistrate Judge's Report and Recommendation, holding that the partnership had never been made a party to the action.  In doing so, the Magistrate

Judge first noted that, even though Federal Rule of Civil Procedure 10(a) "requires that every party to an action be named in the complaint's caption, the caption itself is normally not determinative of the identity of the parties." Id. at 109.  Instead, the court relied on the broader factors identified in Jones, and noted that, "[i]n reviewing these indicia of [plaintiff's] intent, the court should be guided by whether a reasonably knowledgeable layperson could conclude, from the circumstances, that he or she had been made a party to a lawsuit." Id.  Because New York law recognized a clear distinction between partners in their individual capacities and the partnership entity, and the plaintiffs "did not name the partnership in the caption of the complaint . . . identif[y] [it] as a defendant in the body of the complaint," or file an "affidavit of service . . . stating that service on the partnership had been made," the court concluded that "there [was] very little evidence that plaintiffs intended, at the time they instituted [the] action, to make the partnership entity . . . a party to [the] case." Id.; see also Collins v. Giving Back Fund, No. 18-CV-8812, 2019 WL 3564578, at *7 (S.D.N.Y. Aug. 6, 2019) (quoting Kaufman to cite Jones and hold that, "[i]n the Second Circuit, when claims are asserted in the body of a pleading but that party is not named in the caption, the 'intent of the pleader' determines whether that person should be treated as a party defendant: 'The caption, pleadings, service of process and other indications of the intent of the pleader, are evidence upon which a district court will decide, in cases of doubt, whether an entity has properly been made a party to a lawsuit'"); Rojas v. Manhattan Jeep Eagle, No. 92-CV-9521, 1996 WL 556937, at *4 (S.D.N.Y. Oct. 1, 1996) (quoting Kaufman and citing Jones for the same proposition).

Applying Jones and its progeny to the current case is, somehow, simultaneously straightforward and Kafkaesque.  On the one hand, Steinmetz's conduct over the course of these proceedings has been confounding.  She did not include WCHC in the caption of her Complaint, or otherwise mention it therein.  But at the same time, WCHC was the only party she served, as least as the record reflects.  During discovery, she has not raised any objection to WCHC litigating this case, but now, at the summary judgment stage, she is emphatic that it is a "non-party."  Pl.'s Mem. at 2.  On the other hand, Jones suggests that this court look to "the intent of the pleader [to] determine[ ] whether [WCHC] should be treated as a party defendant."  Collins, 2019 WL 3564578, at *7.  And in that respect, Steinmetz is quite clear: despite apparently serving WCHC and engaging with it in discovery, she maintains that WCHC "was never [her] employer" and "is not a party to the lawsuit."  Pl.'s Mem. at 1.  In this circumstance – where plaintiff has not mentioned WCHC anywhere in her Complaint, WCHC has not intervened, been joined, or otherwise been added as a party, and plaintiff insists she is not bringing any claims against WCHC – the court is not aware of any authority under which it can find that WCHC is a party to this action.

### 2.    Standing to File a Motion for Summary Judgment

Because WCHC is not a party to this action, it lacks standing to file a Motion for Summary Judgment.  Article III, § 2 of the Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'"  Lujan v. Defenders of Wildlife, 504 U.S. 555, 559.  Although "[t]he doctrine of standing is generally understood to limit the ability of plaintiffs to seek relief," it also "restricts who may defend against a claim in federal court."  Matthew I. Hall, Standing of Intervenor-Defendants in Public Law Litigation, 80 Fordham L. Rev. 1539, 1541 (2012) (emphasis in original).  Put differently, "[s]tanding to

. . . defend is an aspect of the case-or-controversy requirement.  Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997).  And "[s]tanding to defend . . . no less than standing to sue, demands that the litigant possess a direct stake in the outcome."  Id. (internal quotations and citations omitted).  "[T]he exposure to risk of injury from an adverse judgment is a sufficient personal stake" for a defendant to satisfy the standing requirement.  Hall, supra at 1551-52.

Because standing is a jurisdictional issue, it is not subject to waiver and a court is obligated to raise it sua sponte even in circumstances where the parties have not raised the issue themselves.  See, e.g., Lewis v. Casey, 518 U.S. 343, 373 n. 1 ("standing . . . is jurisdictional and not subject to waiver"); Adarand Constructors, Inc. v. Mineta, 534 U.S. 103, 110 (2001) ("[w]e are obliged to examine standing sua sponte where standing has erroneously been assumed below"); U.S. v. Hays, 515 U.S. 737, 742 (1995) ("[t]he question of standing is not subject to waiver . . . [w]e are required to address the issue even if the courts below have passed on it, and even if the parties fail to raise the issue before us.  The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines") (internal quotations and citations omitted).

Since WCHC is not a party to this action, it lacks standing to file a Motion for Summary Judgment.  As an initial matter, the plain language of Rule 56 states that only "[a] party may move or summary judgment."  Fed. R. Civ. P. 56(a) (emphasis added); see also, id. at 56(b) ("a party may file a motion for summary judgment at any time until 30 days after the close of all discovery") (emphasis added).  In addition, the constitutional requirement that there be a case or controversy is also not met.  As

vigorously as WCHC has sought to defend itself here, Steinmetz seeks no relief from WCHC and brings no claims against it.  It therefore does not have the "direct stake in the outcome of the case" that is necessary to establish standing.  Hollingsworth v. Perry, 570 U.S. 693, 705 (2013) (internal quotations and citations omitted).

Accordingly, the court finds that, because WCHC was never made a party to Steinmetz's action, it lacks jurisdiction to rule on WCHC's Motion.  The Motion for Summary Judgment is therefore dismissed as moot.

C.     Order to Show Cause

The court currently lacks jurisdiction over any defendant in this case.  WCHC is not a party, and Steinmetz has never served Danbury.  In circumstances such as these, where "there is no existing defendant in th[e] action," courts may appropriately "dismiss th[e] complaint in its entirety."  Rule 4(m), however, requires the court to provide "notice to the plaintiff" before doing so, and, "if the plaintiff shows good cause for the failure," to "extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  Plaintiff is therefore ordered to show cause within 21 days as to why her Complaint should not be dismissed.

IV.    **CONCLUSION**

Because WCHC was never a party to Steinmetz's action, this court lacks jurisdiction to rule on WCHC's Motion.  The Motion for Summary Judgment is therefore dismissed as moot.  Further, because Steinmetz has failed to serve process on Danbury, she is ordered to show cause within 21 days as to why her Complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).

**SO ORDERED.**

Dated at New Haven, Connecticut this 15th day of September 2021.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge